**WO** RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Richard P. Hochmuth, )  No. CV 08-397-PHX-MHM (MHB)
)
      Petitioner, ) **ORDER**
)
vs. )
)
)
Bruno Stolc, )
)
      Respondent. )
)
)

Petitioner Richard P. Hochmuth, who is confined in the Palmer Correctional Center in Palmer, Alaska, has filed a *pro se* "Petition For Writ Of Habeas Corpus By A Person In State Custody Pursuant To 28 U.S.C. § 2254 (Non-Death Penalty)" (Doc. #1).[1] The $5.00 filing fee has been paid. Petitioner has also filed a "Motion For Restraining Order" (Doc. #3) and an untitled pleading (Doc. #4), which the Court will construe as a Motion to Expedite Ruling on "Motion For Restraining Order." The Court will transfer this action to the District of Alaska pursuant to 28 U.S.C. § 1404(a) and deny Petitioner's Motions.

**I.     Petition**

Named as Respondent in the Petition is Bruno Stolc, Warden of RRCC.

In his Petition, Petitioner challenges his judgment of conviction entered against him

---

[1] Petitioner was confined in the Red Rock Correctional Center (RRCC) in Eloy, Arizona, when he filed his Petition.

1  on July 1, 1996, for second-degree murder, in the Superior Court for the State of Alaska in
2  Kodiac, Alaska, in matter #3KO-95-50CR. Petitioner further alleges that he was sentenced
3  to a 30-year term of imprisonment, with 10 years suspended.

**II.     Habeas Relief**

Petitioner asserts that his confinement in RRCC violated his Fourteenth Amendment due process rights because RRCC is a private prison facility outside Alaska, where he was convicted and sentenced. Petitioner further asserts that the deliberately wrongful conduct of the State of Alaska and the Alaska Department of Corrections in removing him against his will to Arizona and confining him in RRCC requires his "immediate and unconditional release from imprisonment with full prejudice against the State of Alaska from reestablishing custody."

Title 28 U.S.C. § 2254(a) provides that a court "shall entertain" a habeas application of a person "in custody pursuant to the judgment of a State court . . . ." The Court first assesses whether Petitioner is "in custody pursuant to a State court judgment." "The majority view of the circuits that have analyzed [the issue have treated] this clause as directing a status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge." White v. Lambert, 370 F.3d 1002, 1007-1008 (9th Cir. 2004) (citing Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)). Although Petitioner is challenging the execution of his sentence, he is in custody pursuant to an Alaska state court judgment; therefore, his exclusive avenue for habeas relief is § 2254. White, 370 F.3d at 1009-1010.

**III.    Transfer of Venue**

A district court may transfer "any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a). The decision to transfer under § 1404(a) lies within the discretion of the district court and should be determined based upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

**A.     This Action Could Have Been Brought in the District of Alaska**

Jurisdiction to hear a habeas corpus petition lies in any district court having jurisdiction over the petitioner's custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973) (construing 28 U.S.C. § 2241(a)). A district court can issue a habeas writ "within its jurisdiction" so long as the custodian can be reached by service of process. Id. In amending the habeas corpus statutes, Congress has indicated that a habeas case should be "resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy." Id. at 497 (citing H. R. Rep. No. 1894, 89th Cong., 2d Sess. (1966); S. Rep. No. 1502, 89th Cong., 2d Sess. (1966) U.S. Code Cong. & Admin. News 1966, p. 2968; and United States v. Hayman, 342 U.S. 205 (1952)).

In this case, Petitioner challenges the decision to transfer him to Arizona to serve his sentence in a private prison operated by a for-profit company. That decision was made by the Alaska Department of Corrections. Therefore, this § 2254 action could have originally been brought in the District of Alaska. Cf. White, 370 F.3d at 1010 (the decision regarding the execution of sentence originated in the state of conviction by that state's department of corrections).

**B.     Convenience of the Parties and Witnesses and Interests of Justice**

Both the convenience of the parties and witnesses and the interests of justice will best be served by transferring this case to the District of Alaska. It is in Alaska where the decision to transfer Petitioner to Arizona was made and where relevant records and witnesses are likely to be found. See Braden, 410 U.S. at 493-94. Moreover, before any federal court could reach the merits of this case, it would first have to resolve the threshold issue of whether Petitioner has exhausted his state court remedies; a federal court in the District of Alaska will be more familiar with that State's laws and procedures. See id. at 499. Further, the State of Arizona has no interest in the subject matter of this case, whereas the State of Alaska has a strong interest in the subject matter. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (a litigant's choice of forum is entitled to only minimal consideration "if the

1 operative facts have not occurred within the forum and the forum has no interest in the
2 parties or the subject matter"). Moreover, Petitioner has been transferred back to Alaska and
3 is currently confined in the Palmer Correctional Facility in Palmer, Alaska.

**IV.	Motions**

**A.	Motion for Restraining Order**

On March 6, 2008, Petitioner filed a "Motion For Restraining Order" (Doc. #3), in which he seeks to enjoin Respondent Stolc or any agent or employee of Respondent, or the Corrections Corporation of America (CCA), or RRCC, from surrendering custody of Petitioner to any third party, particularly officials or agencies of the states of Arizona or Alaska. A temporary restraining order without notice may be granted *only* if the applicant certifies to the court in writing the efforts, if any, that he made to give notice and the reasons that notice should not be required. Fed. R. Civ. P. 65(b). Further, "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Respondent has not been served with the Petition or a copy of the Motion, nor has Petitioner certified to the Court in writing the efforts he has made to give notice to Respondent or reasons why notice should not be required. On these facts, Petitioner's Motion will be denied.

In so doing, the Court reiterates that Petitioner is no longer confined in RRCC, but has been transferred back to Alaska.

**B.	Motion to Expedite Ruling**

On March 14, 2008, Petitioner filed an untitled pleading (Doc. #4), which the Court is construing as a Motion to Expedite Ruling on "Motion For Restraining Order." Because Petitioner was transferred to Alaska before the Court could rule on his "Motion For Restraining Order," the Court will deny his Motion to Expedite Ruling as moot.

**IT IS ORDERED**:

(1) Petitioner's "Motion For Restraining Order" (Doc. #3) is **denied**.

(2) Petitioner's untitled pleading (Doc. #4), which the Court **construes** as a Motion to Expedite Ruling on "Motion For Restraining Order," is **denied as moot**.

1       (3)    The Petition (Doc. #1) and this action are **transferred** to the United States District Court for the District of Alaska pursuant to 28 U.S.C. § 1404(a).

      (4)    The Clerk of the Court **must transfer** this action forthwith.

DATED this 19th day of June, 2008.

_____
Mary H. Murguia
United States District Judge